**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

CALVIN LARUE,                                )
                                             )
        Plaintiff,                        )
                                             )     **C.A. No.: N22C-07-092 FJJ**
    v.                                       )
                                             )
PERMANENT GENERAL                            )
INSURANCE COMPANY,                           )
                                             )
        Defendant.                        )

*Order Upon Consideration of Defendant's*
*Motion to Dismiss*
**DENIED.**

Having considered Defendant Permanent General Insurance Company ("Permanent")'s Motion to Dismiss and Plaintiff Calvin LaRue's Response, it appears to the Court that:

1. Mr. LaRue filed a first party insurance action against Permanent, seeking no fault and uninsured motorist coverage for a car accident that occurred on December 1, 2020. Permanent has moved to dismiss the claim on the grounds that Mr. LaRue was not an insured at the time of the accident.

2. Permanent's motion to dismiss is premised upon its contention that Mr. LaRue's automobile insurance policy with Permanent did not take effect until one day after Mr. LaRue's accident.  According to Permanent, the record as it stands is adequate to grant dismissal because the policy declaration sheet shows an effective date of December 2, 2020.  Permanent did not submit any other materials or affidavits with its motion.

3. In Mr. LaRue's response to the motion, he attached a banking sheet indicating a payment was made to Permanent on November 28, 2020.

4. At this point in time, the parties have not engaged in discovery to determine: (1) whether the November 28 payment was for the Permanent policy in question; (2) when Permanent received the payment; and (3) when the policy should have become effective given the date of payment.

5. When matters outside the pleadings are included with the moving papers on a motion to dismiss under Superior Court Civil Rule 12(b)(6), the motion is considered to be a motion for summary judgment.[1]

6. Summary judgment is not appropriate when the Court does not have sufficient facts in the record to enable it to apply the law to the facts before it.[2]

7. Against this background, the Court finds summary judgment to be premature at this stage in the proceedings. The record, as it stands, is undeveloped and insufficient to answer the questions presented above. Therefore, Permanent's motion is **DENIED** without prejudice.

8. The Court will permit a follow-up motion for summary judgment after the parties establish a more complete record. At that time, the Court will attempt to answer the above questions and address any other issues developed through discovery.

**IT IS SO ORDERED** this 22nd day of November, 2022

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     Original to the Prothonotary
        Kenneth M. Roseman, Esquire
        Periann Doko, Esquire

---

[1] *See Pepper Reinholz Architects, Inc v. Owen Manor, L.P.,* 2006 WL 2338048, at *1 (Del. Super. June 15, 2006).
[2] *See Savor v. FMR Corp.*, 2003 WL 21054394, at *1 (Del. Super. Apr. 3, 2003).